# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-23430-GAYLES

DANIZE DIAZ,

       Plaintiff,

v.

FLORIDA INTERNATIONAL UNIVERSITY and WOLFSON MIAMI DADE COMMUNITY COLLEGE,

       Defendants.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff, Danize Diaz, appearing *pro se*, filed this action on August 16, 2019. [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* the same day (the "IFP Motion") [ECF No. 3].[1] Because Plaintiff has moved to proceed *in forma pauperis* and has not otherwise paid a filing fee, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short

---

[1] The IFP Motion was denied without prejudice for appearing inconsistent as it indicated that Plaintiff worked for the county library system but also represented that Plaintiff earned no salary. [ECF No. 6]. Plaintiff has not refiled her IFP Motion.

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

Independent of its duty under § 1915(e) to evaluate the claim of a party proceeding *in forma pauperis*, the Court is obligated to consider *sua sponte* whether a claim falls within its subject matter jurisdiction and dismiss the claim if it finds subject matter jurisdiction to be lacking.[2] *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012); *see also Dutta-Roy v. Fain*, No. 14-0280, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014); *accord* Fed. R. Civ. P. 12(h)(3). "Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case." *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (citations and internal quotation marks omitted). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

In her Complaint, Plaintiff appears to allege that Defendants somehow violated her rights after a block was placed on her school record for failure to return books. [ECF Nos. 1,

---

2  Notably, if the Court lacks subject matter jurisdiction over a case, the complaint is also frivolous under § 1915(e). *See Davis v. Ryan Oaks Apt.*, 357 F. App'x 237, 238–39 (11th Cir. 2009) (per curiam).

2

7].     Based on the limited allegations in the Complaint, the Court is unable to ascertain whether it has subject matter jurisdiction over this action. Plaintiff fails to allege (1) a specific federal statute conferring jurisdiction, (2) a cognizable federal claim such that this Court would have federal question jurisdiction, or (3) diversity of citizenship between the parties such that this Court would have diversity jurisdiction. Accordingly, the Complaint is subject to dismissal for lack of subject matter jurisdiction.   Based thereon, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of October, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE